IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| 1729172 ONTARIO, INC., an Ontario, Canada Corporation d/b/a TRICERASOFT, TRICERASOFT.COM, SELECTKARAOKE.COM, and KARAOKEDOWNLOADS.CA<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC CORP.; SONGS OF UNIVERSAL, INC.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC., UNIVERSAL – POLYGRAM INTERNATIONAL PUBLISHING, INC.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and RONDOR MUSIC INTERNATIONAL, INC.<br><br>Defendants. | Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff 1729172 Ontario, Inc., d/b/a "TRICERASOFT," "TRICERASOFT.COM," "SELECTKARAOKE.COM," and "KARAOKEDOWNLOADS.CA" (hereinafter, "Plaintiff" or "TriceraSoft") by and through counsel, for its Complaint for Declaratory Relief against Defendants Universal Music Corp.; Songs of Universal, Inc.; Universal Songs of PolyGram International, Inc., Universal – PolyGram International Publishing, Inc.; Universal Music – MGB NA LLC; Universal Music – Z Tunes LLC; and Rondor Music International, Inc. (hereinafter collectively referred to as "Defendants") alleges as follows:

1

## I. THE PARTIES

1. Plaintiff is a corporation organized under the laws of the province of Ontario, Canada, with a principal place of business at 194 Sugar Hill Drive, Brampton, Ontario, Canada L7A 3X6. Plaintiff is in the business of developing software for the karaoke industry and distributing third-party karaoke recordings over the Internet through its websites.

2. Defendant Universal Music Corp. is a Delaware corporation with its principal place of business at 2100 Colorado Avenue, Santa Monica, California 90404; is authorized to do business in Tennessee as a foreign corporation; and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

3. Defendant Songs of Universal, Inc. is a California corporation with its principal place of business at 2100 Colorado Ave., Santa Monica, California 90404; is authorized to do business in Tennessee as a foreign corporation; and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

4. Defendant Universal – Songs of PolyGram International, Inc. is a Delaware corporation with its principal place of business at 2100 Colorado Ave., Santa Monica, California 90404; is authorized to do business in Tennessee as a foreign corporation; and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

5. Defendant Universal – PolyGram International Publishing, Inc. is a Delaware corporation with its principal place of business at 2100 Colorado Ave., Santa Monica, California 90404; is authorized to do business in Tennessee as a foreign corporation; and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

6. Defendant Universal Music – MGB NA LLC is a California limited liability company with its principal place of business at 2100 Colorado Ave., Santa Monica, California

90404 and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

7. Defendant Universal Music – Z Tunes LLC is a New York limited liability company with its principal place of business at 2100 Colorado Ave., Santa Monica, California 90404; is authorized to do business in Tennessee as a foreign limited liability company; and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

8. Defendant Rondor Music International, Inc. is a California corporation with its principal place of business at 2100 Colorado Ave., Santa Monica, California 90404 and has an office at 1904 Adelicia Street, Nashville, Tennessee 37212.

## II. JURISDICTION AND VENUE

9. This action is brought, and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2)–3, (c), (d), and 1400(a).

## III. NATURE OF DISPUTE

11. Karaoke is a popular form of interactive entertainment, which typically involves playing a sound recording of a musical composition without a vocal track while an amateur singer performs the vocals live. Because karaoke singers often need assistance remembering the lyrics to a given composition, karaoke DJs generally provide the singer with the lyrics, either on a piece of paper or on a television screen or computer monitor. The most commonly used karaoke method is to play a special track comprised of a sound recording of a musical composition, played simultaneously with an on-screen display of the composition's lyrics (the

3

"Karaoke Recording").

12. To produce Karaoke Recordings, musicians record a new sound recording of a musical composition, and then the creator of that recording (the "Karaoke Label") manufactures the Karaoke Recording by synchronizing the sound recording and the lyrics for use as described above. Karaoke Recordings currently are produced in different formats, including "CD+G" (compact disc plus graphics) and "MP3+G" (a digital music file plus graphics). Once the Karaoke Recording is housed in CD+G discs or MP3+G files, the discs and files are distributed and sold much like other music is distributed and sold, through physical CD sales and digital downloads of individual songs or albums containing several Karaoke Recordings. After purchasing a CD+G disc or MP3+G containing a Karaoke Recording, consumers (typically karaoke DJs or private individuals) play back the Karaoke Recording on equipment or through software designed to read the CD+G or MP3+G formats.

13. Plaintiff is informed and believes that all Defendants are music publishers engaged in the business of acquiring, administering, and exploiting copyright interests in musical compositions created by various songwriters.

14. Plaintiff is informed and believes that all Defendants regularly do business in the State of Tennessee by, among other things, negotiating and granting licenses to use the musical compositions in which they own or control copyright interests.

15. Plaintiff is informed and believes that Defendants claim to own, control, or administer, in whole or in part, certain copyrighted musical compositions (the "Subject Works"), which Defendants claim Plaintiff has offered for sale, distributed or sold as downloads and custom discs at Plaintiff's websites in the form of Karaoke Recordings.

16. Plaintiff is informed and believes that Defendants claim that Plaintiff has infringed

4

the Subject Works by offering for sale, distributing, or selling Karaoke Recordings of the Subject Works.

17. Plaintiff is a software developer that invented the MP3+G format for others to utilize. Plaintiff also invented/developed software that consumers can download to play back MP3+G files. Plaintiff owns a Canadian trademark for "MP3+G." To supply consumers with quality Karaoke Recordings, Plaintiff developed websites through which Plaintiff offers digital downloads of Karaoke Labels' Karaoke Recordings.

18. The Karaoke Recordings that Plaintiff offers on its websites are recorded and manufactured by Karaoke Labels. The Karaoke Labels represented to Plaintiff that each of their Karaoke Recordings was legally recorded, i.e., the musical compositions were recorded pursuant to license. The Karaoke Labels granted Plaintiff licenses to distribute the Karaoke Labels' Karaoke Recordings on Plaintiff's websites, for which Plaintiff pays the Karaoke Labels their required fees.

19. On occasion, Plaintiff has collected orders for custom karaoke discs, which are passed along to a company in the United Kingdom, which, in turn, creates and ships CD+G discs to fulfill the order. Plaintiff does not manufacture or distribute CD+G discs.

20. For each musical composition (some of which may be the Subject Works), Plaintiff secured licenses through, and accounts and pays royalties to, Defendants' authorized worldwide licensing agents according to the varying territories' licensing schemes, including the Society of Composers, Authors and Music Publishers of Canada (SOCAN), The Harry Fox Agency (HFA), MCPS Ltd., PRS for Music Ltd., the Australian Performing Rights Association Limited (APRA), and the Australian Mechanical Copyright Owners Society Limited (AMCOS).

21. Despite Plaintiff's compliance with the licensing schemes set up by Defendants'

5

various licensing agents, and despite the accounting and payment of royalties and fees to Defendants' authorized worldwide licensing agents, Defendants claim Plaintiff is infringing the Subject Works.

## IV. DECLARATION SOUGHT

22. Pursuant to 28 U.S.C. § 2201, and to resolve this controversy, Plaintiff requests that the Court declare the respective rights and duties of the parties in this matter and, in particular, that the Court declare that Plaintiff has not infringed and is not infringing Defendants' rights in the Subject Works.

## V. PROPRIETY OF DECLARATION

23. There is a valid justiciable controversy between Plaintiff and Defendants sufficient for this Court to declare the rights and obligations of the parties in that Defendants claims that Plaintiff's offer for sale, sale, and distribution of Karaoke Recordings violates Defendants' rights in the Subject Works as herein alleged. Conversely, Plaintiff denies Defendants' claims and contends that its activities do not violate Defendants' rights, as Plaintiff secured the licenses requested by Defendants' agents and has accounted and paid all licensing fees and royalties.

24. A judicial declaration of the parties' respective rights and obligations with respect to the Subject Works is necessary and appropriate.

## VI. REQUEST FOR RELIEF

For the reasons set forth above, Plaintiff respectfully requests judgment against Defendants as follows:

1. A declaration that Plaintiff has not infringed and is not infringing Defendants' rights in the Subject Works;

2. For costs and attorney's fees incurred herein; and

3. For such other and further relief as the Court deems just and proper.

DATED: April 8, 2015

Respectfully submitted,

DESALVO & LEVINE PLLC

*Ramona P. DeSalvo*
Ramona P. DeSalvo (#018491)
1720 West End Ave., Suite 403
Nashville, TN 37203
Telephone: (615) 600-4741
rdesalvo@desalvolevine.com

*Attorneys for Plaintiff*