# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| 1729172 ONTARIO INC., a Canadian corporation d/b/a "TRICERASOFT," "TRICERASOFT.COM," "SELECTKARAOKE.COM," "KARAOKEDOWNLOADS.CA", | ) ) ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) ) ) | |
| v. | ) ) ) ) | Case No. 3:15-cv-00403<br>Judge Campbell<br>Magistrate Judge Knowles |
| UNIVERSAL MUSIC CORP.;<br>SONGS OF UNIVERSAL, INC.;<br>UNIVERSAL – POLYGRAM<br>INTERNATIONAL PUBLISHING, INC.;<br>UNIVERSAL – SONGS OF POLYGRAM<br>INTERNATIONAL, INC.;<br>UNIVERSAL MUSIC – MGB NA LLC;<br>UNIVERSAL MUSIC – Z TUNES LLC; and<br>RONDOR MUSIC INTERNATIONAL, INC. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## ANSWER AND COUNTERCLAIM

Defendants, Universal Music Corp., Songs of Universal, Inc., Universal – Polygram International Publishing, Inc., Universal – Songs of Polygram International, Inc., Universal Music – MGB NA, LLC, Universal Music – Z Tunes, LLC and Rondor Music International, Inc. (collectively "Defendants" or "Universal"), for their Answer to Plaintiff's Complaint for Declaratory Relief, state as follow:

## I. THE PARTIES

1. Upon information and belief, Defendants admit the allegations in the first sentence of paragraph 1. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 1.

2-8. Admitted.

## II. JURISDICTION AND VENUE

9. Admitted.

10. Defendants admit that this District is the proper venue for this action.

## III. NATURE OF DISPUTE

11. Defendants admit the allegations in the first sentence of paragraph 11. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 11. Further responding, Defendants deny that Plaintiff obtained proper licenses to manufacture, sell or distribute karaoke products containing the Subject Works, as that term is defined in the Complaint for Declaratory Relief, including the use of the lyrics of the Subject Works.

12. Admitted.

13. Defendants admit that they are engaged in the business of acquiring, administering, and exploiting copyright interests in musical compositions. Defendants deny any allegation in paragraph 13 that is inconsistent with the previous sentence.

14. Defendants admit that they regularly do business in the State of Tennessee, including business that involves licensing musical compositions in which Defendants own or control copyright interests. Defendants deny any allegation in paragraph 14 that is inconsistent with the previous sentence.

15-16. Admitted.

17-19. Defendants lack sufficient information to admit or deny the allegations in paragraphs 17-19.

20. Defendants lack sufficient information to admit or deny the allegations in paragraph 20. Further responding, Defendants deny that Plaintiff obtained proper licenses to manufacture, sell or distribute karaoke products containing the Subject Works, as that term is defined in the Complaint for Declaratory Relief.

21. Defendants admit that they claim that Plaintiff infringed the Subject Works. Defendants deny that Plaintiff obtained proper licenses to manufacture, sell or distribute karaoke products containing the Subject Works. Defendants deny any allegation in paragraph 21 that is inconsistent with the previous two sentences.

## IV. DECLARATION SOUGHT

22. Paragraph 22 contains a legal demand to which Defendants are not required to respond. Further responding, Defendants deny that Plaintiff has not infringed and is not infringing Defendants' rights in the Subject Works.

## V. PROPRIETY OF DECLARATION

23. The first sentence of paragraph 23 contains a legal demand to which Defendants are not required to respond. Defendants deny the remaining allegations in paragraph 23.

24. Paragraph 24 contains a legal demand to which Defendants are not required to respond.

## VI. REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief set forth in Part VI of the Complaint for Declaratory Relief and that Plaintiff is entitled to any relief in this action.

Defendants deny any allegation in Plaintiff's Complaint for Declaratory Relief not admitted or otherwise addressed above.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

1. The Complaint for Declaratory Relief should be dismissed in whole or in part for its failure to state a claim against Defendants upon which relief may be granted.

2. Plaintiff should be denied the relief it seeks under the doctrine of unclean hands.

3. Defendants reserve any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

## **COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Universal Music Corp., Songs of Universal, Inc., Universal – Polygram International Publishing, Inc., Universal – Songs of Polygram International, Inc., Universal Music – MGB NA, LLC, Universal Music – Z Tunes, LLC and Rondor Music International, Inc. (collectively "Universal"), for their Counterclaim against 1729172 Ontario, Inc. d/b/a "Tricerasoft," "tricerasoft.com," "selectkaraoke.com," and "karaokedownloads.ca", state as follow:

## PARTIES

1. Counter-Plaintiff Universal Music Corp. is a Delaware corporation with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

2. Counter-Plaintiff Songs of Universal, Inc. is a California corporation with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

4

3. Counter-Plaintiff Universal – PolyGram International Publishing, Inc. is a Delaware corporation with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

4. Counter-Plaintiff Universal – Songs of PolyGram International, Inc. is a Delaware corporation with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

5. Counter-Plaintiff Universal Music – MGB NA LLC is a California limited liability company with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

6. Counter-Plaintiff Universal Music – Z Tunes LLC is a New York limited liability company with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

7. Counter-Plaintiff Rondor Music International, Inc. is a California corporation with its principal place of business located at 2100 Colorado Ave., Santa Monica, California, and an office located at 1904 Adelicia Street, Nashville, Tennessee 37212.

8. Counter-Defendant 1729172 Ontario Inc. d/b/a "Tricerasoft," "tricerasoft.com," "selectkaraoke.com," and "karaokedownloads.ca" (collectively, "Tricerasoft") is a Canadian corporation with its principal place of business and/or registered office address located at 194 Sugar Hill Drive, Brampton, Ontario, Canada L7A 3X6. Tricerasoft is selling and distributing karaoke recordings throughout the United States, including in the Middle District of Tennessee, that infringe Counter-Plaintiffs' copyrighted musical compositions (the "Infringing Karaoke Recordings") via, among other methods, the websites commonly known as www.tricerasoft.com, www.selectkaraoke.com and www.karaokedownloads.ca.

## JURISDICTION AND VENUE

9. Through the filing of its Complaint for Declaratory Relief in this action, Tricerasoft has conceded the issues of personal jurisdiction, subject matter jurisdiction and venue. Further, this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338 as this is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, and venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL AVERMENTS

10. Counter-Plaintiffs are music publishers engaged in the business of administrating, developing, and exploiting original musical compositions and building and creating a catalog of music copyrights through acquisition of other music catalogues and/or pursuant to agreements with songwriters. As a result, Counter-Plaintiffs own and/or control, in whole or in part, the copyrights to hundreds of thousands of musical compositions, including certain interests in those musical compositions at issue in this action identified in Exhibit 1, attached to this Counterclaim (the "Subject Works").

11. As the owner and publisher of certain interests in the Subject Works, Counter-Plaintiffs retain the exclusive rights identified in Section 106 of the Copyright Act, which includes the right to make and/or create arrangements, recordings, and derivative works of the Subject Works, and to reproduce, distribute, publicly perform, advertise, and otherwise exploit such Subject Works in any and all media, including the right to license to third parties the right to do so in exchange for the payment of various fees or royalties.

12. In addition, as owners and/or publishers of certain interests in the Subject Works, Counter-Plaintiffs also possess the right to institute suits for infringement.

13. Karaoke, which means "empty orchestra" in Japanese, is a highly lucrative type of entertainment throughout the world. Karaoke uses re-recordings of popular musical compositions in "MP3+G," "CD+G" or "SCD+G" formats where the original lead vocal tracks are (1) removed from the newly created recording, so that users can "sing along" with the underlying musical compositions as if he or she were the lead vocalist, or (2) substituted with vocal tracks sung by sound-alike artists (commonly referred to as a "learning track"), which can be muted upon playback so that the newly created karaoke recording can be listened to with or without the lead vocal accompaniment. Often, these karaoke recordings also include a video display of the lyrics (and other images) synchronized in time with the underlying musical composition for the users/singers to read as they sing along.

14. Because karaoke recordings also include a video display of lyrics for the underlying musical composition and often other images synchronized in time with the underlying musical composition, karaoke recordings or programs are considered "audiovisual works" of the underlying musical compositions pursuant to the Copyright Act. Accordingly, the compulsory licensing provisions of Section 115 of the Copyright Act do not apply to the creation, reproduction or distribution of karaoke recordings that contain synchronized video displays (i.e., MP3+G format downloads).

15. Reproduction, distribution, and exploitation of karaoke recordings of musical compositions owned and/or controlled by Counter-Plaintiffs require, at minimum, licenses to reproduce, distribute, publicly perform, and otherwise exploit its musical compositions in approved media channels and mediums, including permission to re-record and synchronize such musical compositions in time with certain visual elements, the right to reproduce and/or reprint

the lyrics of musical compositions visually, and the right to use musical compositions in advertising and promotional material.

16. Neither Counter-Plaintiffs nor any person or business entity authorized to act on behalf of Counter-Plaintiffs has granted any rights whatsoever to Tricerasoft that would permit them to engage in the activities complained of herein in the United States.

17. Despite not having the appropriate and requisite licenses, Tricerasoft has engaged in the karaoke business in the United States, including in the Middle District of Tennessee, stating in promotional materials that "TriceraSoft is a Karaoke Software and Utility manufacturer, Karaoke Content provider, and Karaoke Content supplier," "Your Source For Digital Karaoke," and "Karaoke Specialists."

18. Tricerasoft has advertised in the United States, including, in the Middle District of Tennessee, that Tricerasoft offers over 80,000 songs in the form of MP3+G downloads and custom discs at Tricerasoft's website www.karaokedownloads.ca.

19. Tricerasoft has advertised, produced, distributed, offered for sale and sold Infringing Karaoke Recordings comprising the Subject Works for use with karaoke equipment, computers, and mobile phone applications resulting in financial benefits and profits to Tricerasoft from these unauthorized sales.

20. Tricerasoft has used social network sites like Facebook, Twitter, and YouTube, as well as its own websites, to advertise, distribute, and sell the unlicensed Infringing Karaoke Recordings.

21. Tricerasoft advertises the Infringing Karaoke Recordings on its websites by using interactive graphic displays that include the individual song titles of the Subject Works, further infringing on Counter-Plaintiffs' exclusive rights.

22. Upon information and belief, Tricerasoft uses its websites to purportedly sell "licenses" to third parties, including but not limited to karaoke jockeys and resellers seeking to integrate the Infringing Karaoke Recordings from Tricerasoft's websites into their own marketplaces, online or otherwise, in return for a commission to Tricerasoft for each karaoke recording sold. Thus, despite failing to license the Subject Works from Counter-Plaintiffs and pay proper license fees, Tricerasoft collects fees and grants rights to third parties that Tricerasoft itself do not possess.

23. Tricerasoft directly markets the Infringing Karaoke Recordings to consumers in the United States, including those in the Middle District of Tennessee, by, *inter alia*, attending karaoke conferences in Tennessee for the past several years advertising more than 80,000 songs in its library, providing order forms geared towards United States consumers, advertising in magazines distributed primarily in the United States, and not restricting United States consumers from its websites.

24. Upon information and belief, Tricerasoft reproduced, distributed, transmitted, sold, and otherwise made available the Infringing Karaoke Recordings embodying the Subject Works on websites via MP3+G and MP4 download formats, streaming, and on custom made DVDs and CD+G discs which were delivered to locations across the United States, including in the Middle District of Tennessee.

25. Counter-Plaintiffs have captured content from the Tricerasoft's websites www.tricerasoft.com, www.selectkaraoke.com, and www.karaokedownloads.ca, that includes relevant information about the Infringing Karaoke Recordings, including titles, artist names, information regarding the discs sold, terms and conditions, and other promotional materials.

26. Through the Infringing Karaoke Recordings, Tricerasoft has advertised, reproduced, distributed, transmitted, publicly performed, and otherwise exploited the Subject Works without obtaining proper licenses.

27. Each of the Subject Works contains wholly original material copyrightable under the laws of the United States and all of the Subject Works have been registered with the United States Copyright Office.

28. In the months preceding this action, Counter-Plaintiffs demanded that Tricerasoft stop reproducing, selling and/or distributing the Infringing Karaoke Recordings, but Tricerasoft has continued such conduct.

29. Tricerasoft's conduct constitutes willful and direct copyright infringement, as well as inducement to commit copyright infringement, and contributory and vicarious infringement of Counter-Plaintiffs' copyrights.

30. Due to Tricerasoft's wrongful conduct, Counter-Plaintiffs have not realized the benefits of their exclusive rights with respect to the Subject Works, including, but not limited to: (1) the usual and customary royalties; and (2) fees and/or charges to which Counter-Plaintiffs would be entitled if the Subject Works were properly licensed with synchronization licenses, karaoke licenses, and/or advertising/promotional licenses.

31. Tricerasoft's wrongful conduct rises to the level of willful copyright infringement justifying an award of enhanced statutory damages.

## CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

32. Counter-Plaintiffs adopt all averments set forth above, the same as if set forth herein.

33. Tricerasoft's actions including, but not limited to, the advertising, manufacture, reproduction, sale, and/or distribution of the Infringing Karaoke Recordings embodying the Subject Works have infringed and continue to infringe on Counter-Plaintiffs' copyright interests in and relating to the Subject Works.

34. Tricerasoft's actions have materially contributed to and/or induced the illegal use of Counter-Plaintiffs' copyrights. At all relevant times, Tricerasoft failed to exercise its right and ability to supervise and control infringing conduct of third parties. At all relevant times, Tricerasoft benefitted financially from the infringing conduct of these parties.

35. Tricerasoft engaged in purposeful conduct that encouraged third parties to reproduce, distribute, and publicly perform the Infringing Karaoke Recordings containing the Subject Works. Tricerasoft undertook such action with the intent to encourage others to use the Subject Works without permission.

36. Tricerasoft's actions have deprived Counter-Plaintiffs of their exclusive rights in the Subject Works which cannot be adequately remedied solely by an award of damages as Tricerasoft's unauthorized advertising, reproduction, distribution, and sale of the Subject Works diminish their overall value.

37. Counter-Plaintiffs therefore are entitled to an injunction restraining Tricerasoft from taking any further action that would infringe on Counter-Plaintiffs' rights in the Subject Works provided under the copyright laws of the United States.

38. As a result of Tricerasoft's willful infringement of Counter-Plaintiffs' rights in the Subject Works, Counter-Plaintiffs are entitled to any and all actual damages and to the profits of the Tricerasoft in amounts to be proven at trial which are not currently ascertainable, as provided under the copyright laws of the United States. Alternatively, at Counter-Plaintiffs' election,

Counter-Plaintiffs are entitled to maximum statutory damages of $150,000.00 for each of the Subject Works infringed upon by Tricerasoft, or in such other amount as may be appropriate under 17 U.S.C. § 504(c).

39. Counter-Plaintiffs are further entitled to their attorneys' fees and full costs under 17 U.S.C. § 505.

WHEREFORE, Counter-Plaintiffs respectfully request that this Honorable Court enter judgment in Counter-Plaintiffs' favor and enter an order providing the following relief against Tricerasoft:

(a) That the Court find that Tricerasoft infringed on Counter-Plaintiffs' copyright interests in the Subject Works;

(b) That the Court enjoin Tricerasoft, and its agents, servants, officers, directors, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly infringing Counter-Plaintiffs' copyrights, and from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity;

(c) That judgment be entered for Counter-Plaintiffs and against Tricerasoft for Counter-Plaintiffs' actual damages and for any profits attributable to infringements of Counter-Plaintiffs' copyrights, or in the alternative, and upon Counter-Plaintiffs' election, that judgment be entered against Tricerasoft for all allowable statutory damages based upon Tricerasoft's acts of infringement and willful infringement, pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*;

(d) That the Court award Counter-Plaintiffs their costs and allowable attorneys' fees; and

(e) That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## **JURY DEMAND**

Counter-Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Respectfully submitted,


s/ William L. Campbell, Jr.
William L. Campbell, Jr., BPR 022712
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5000 Phone
615.251.5551 Fax
ccampbell@fbtlaw.com

*Attorney for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of May, 2015, a copy of the foregoing was served by the ECF electronic service and by mail as follows:

Ramona P. DeSalvo
DeSalvo & Levine, PLLC
1720 West End Ave., Suite 403
Nashville, TN 37203
rdesalvo@desalvolevine.com

                                       s/ William L. Campbell, Jr.

0129908.0620204   4833-2902-2243v1