IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| 1729172 ONTARIO, INC., an Ontario, Canada Corporation d/b/a TRICERASOFT, TRICERASOFT.COM, SELECTKARAOKE.COM, and KARAOKEDOWNLOADS.CA<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>UNIVERSAL MUSIC CORP., et al.<br><br>    Defendants/Counter-Plaintiffs. | Civil Case No. 3:15-cv-00403<br><br>Judge Todd J. Campbell<br>Magistrate Judge Knowles |

## ANSWER TO DEFENDANTS/COUNTER-PLAINTIFFS' COUNTERCLAIM

Plaintiff/Counter-Defendant 1729172 Ontario, Inc. d/b/a "TriceraSoft," "tricerasoft.com," "selectkaraoke.com," and "karaokedownloads.ca" (hereinafter "Plaintiff/Counter-Defendant" or "TriceraSoft"), by and through counsel, hereby files its Answer to the Counterclaim of Defendants/Counter-Plaintiffs Universal Music Corp.; Songs of Universal, Inc.; Universal – Songs of PolyGram International, Inc.; Universal – PolyGram International Publishing, Inc.; Universal Music – MGB NA LLC; Universal Music – Z Tunes LLC; and Rondor Music International, Inc. (hereinafter collectively referred to as "Defendants") as follows:

### PARTIES

1. TriceraSoft admits the allegations in Paragraph 1.

2. TriceraSoft admits the allegations in Paragraph 2.

3. TriceraSoft admits the allegations in Paragraph 3.

1

4. TriceraSoft admits the allegations in Paragraph 4.

5. TriceraSoft admits the allegations in Paragraph 5.

6. TriceraSoft admits the allegations in Paragraph 6.

7. TriceraSoft admits the allegations in Paragraph 7.

8. TriceraSoft admits that it is a corporation located at 194 Sugar Hill Drive, Brampton, Ontario, Canada L7A 3X6. TriceraSoft denies the remaining allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. TriceraSoft admits that the Court has subject matter jurisdiction over this matter, personal jurisdiction over TriceraSoft, and that venue is proper in this district pursuant to 28 U.S.C. § 1391. TriceraSoft denies the remaining allegations in Paragraph 9.

## FACTUAL AVERMENTS

10. TriceraSoft admits Defendants/Counter-Plaintiffs are music publishers engaged in the business of acquiring, administering, and exploiting musical compositions, but lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and on that basis, denies the allegations.

11. TriceraSoft admits that owners of copyrights have certain rights identified in Section 106 of the Copyright Act, which include the right to do, or to authorize, the reproduction, distribution, and public performance of, and preparation of derivative works based upon, the copyrighted work. TriceraSoft denies that Section 106 of the Copyright Act contains the exclusive right to advertise a copyrighted work. TriceraSoft denies the remaining allegations of Paragraph 11.

12. TriceraSoft lacks sufficient knowledge or information to admit or deny the

2

allegations contained in Paragraph 12, and on that basis, denies the allegations.

13. TriceraSoft admits that karaoke recordings allow a user to "sing along" with a recording as if he or she was the lead vocalist, and that such recordings can be made in the MP3+G and CD+G formats. TriceraSoft lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 13, and on that basis, denies the allegations.

14. TriceraSoft admits that karaoke recordings may include a video display of lyrics for the underlying musical composition synchronized in time, but deny that it is in time with the underlying musical composition. The remaining allegations of Paragraph 14 are Defendants/Counter-Plaintiffs' legal conclusions, and on that basis, TriceraSoft denies the allegations.

15. TriceraSoft denies the allegations in Paragraph 15.

16. TriceraSoft denies the allegations in Paragraph 16.

17. TriceraSoft denies the allegations in Paragraph 17.

18. TriceraSoft admits the allegations in Paragraph 18.

19. TriceraSoft denies the allegations in Paragraph 19.

20. TriceraSoft denies the allegations in Paragraph 20.

21. TriceraSoft denies the allegations in Paragraph 21.

22. TriceraSoft denies the allegations in Paragraph 22.

23. TriceraSoft denies the allegations in Paragraph 23.

24. TriceraSoft denies the allegations in Paragraph 24.

25. TriceraSoft lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25, and on that basis, denies the allegations.

26. TriceraSoft denies the allegations in Paragraph 26.

27. TriceraSoft lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27, and on that basis, denies the allegations.

28. TriceraSoft denies the allegations in Paragraph 28.

29. TriceraSoft denies the allegations in Paragraph 29.

30. TriceraSoft denies the allegations in Paragraph 30.

31. TriceraSoft denies the allegations in Paragraph 31.

32. Paragraph 32 contains no factual allegations to which a response is required, but to the extent an answer is required, TriceraSoft denies the allegations in Paragraph 32.

33. TriceraSoft denies the allegations in Paragraph 33.

34. TriceraSoft denies the allegations in Paragraph 34.

35. TriceraSoft denies the allegations in Paragraph 35.

36. TriceraSoft denies the allegations in Paragraph 36.

37. TriceraSoft denies the allegations in Paragraph 37.

38. TriceraSoft denies the allegations in Paragraph 38.

39. TriceraSoft denies the allegations in Paragraph 39.

## DENIAL

40. TriceraSoft denies each and every allegation in the Counterclaim that is not expressly and unequivocally admitted above.

## FIRST AFFIRMATIVE DEFENSE

41. Counter-Plaintiffs' claims are barred, in whole or in part, by the applicable periods of limitations or repose, whether by statute, contract, or common law, including 17 U.S.C. § 507.

## SECOND AFFIRMATIVE DEFENSE

42. Counter-Plaintiffs have not sustained any damages as a proximate result of any acts or omissions of TriceraSoft.

## THIRD AFFIRMATIVE DEFENSE

43. Counter-Plaintiffs' claims are barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE

44. Counter-Plaintiffs' claims are barred, in whole or in part, by unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

45. Counter-Plaintiffs' Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

46. Counter-Plaintiffs' claims are barred, in whole or in part, by Counter-Plaintiffs' failure to mitigate damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

47. Counter-Plaintiffs' claims are barred, in whole or in part, by the non-exclusive licenses, express and/or implied, granted by Counter-Plaintiffs and/or their authorized agents to TriceraSoft.

## EIGHTH AFFIRMATIVE DEFENSE

48. Counter-Plaintiffs' damages, if any, were caused, in whole or in part, by the negligence or other fault of Counter-Plaintiffs, Counter-Plaintiffs' agents, independent third parties, or events that were not reasonably foreseeable and/or independent of and removed from any conduct by TriceraSoft.

## NINTH AFFIRMATIVE DEFENSE

49. Counter-Plaintiffs' claims are barred, in whole or in part, by the defenses of waiver, estoppel, acquiescence, and/or ratification.

## TENTH AFFIRMATIVE DEFENSE

50. Counter-Plaintiffs' claims are barred, in whole or in part, by TriceraSoft's full accountings and payments already rendered to Counter-Plaintiffs and/or their authorized agents.

## ELEVENTH AFFIRMATIVE DEFENSE

51. Counter-Plaintiffs' claims are barred by the willful or negligent misrepresentations and/or omissions of Counter-Plaintiffs' and/or their agents.

## PRAYER FOR RELIEF

52. TriceraSoft denies that it is liable to Counter-Plaintiffs in any amount or manner whatsoever and that Counter-Plaintiffs are not entitled to any relief whatsoever in this action.

WHEREFORE, TriceraSoft respectfully demands a jury trial against Counter-Plaintiffs on those matters to be determined by a jury and further prays for judgment against Counter-Plaintiffs as follows:

(a) That Counter-Plaintiffs' Counterclaim be dismissed with prejudice and that judgment be entered in favor of TriceraSoft as to all claims alleged and relief sought in the Counterclaim;

(b) That TriceraSoft be awarded full costs in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505 or as otherwise allowed by law;

(c) That TriceraSoft be awarded such other and further relief as the Court deems just and proper.

DATED:  June 2, 2015                                          Respectfully submitted,

                                                              DESALVO & LEVINE PLLC


                                                              s/ Ramona P. DeSalvo
                                                              Ramona P. DeSalvo (#018491)
                                                              1720 West End Ave., Suite 403
                                                              Nashville, TN 37203
                                                              Telephone: (615) 600-4741
                                                              rdesalvo@desalvolevine.com

                                                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Answer to Defendants/Counter-Plaintiffs' Counterclaim was served via the Court's electronic filing system upon the following:

William L. Campbell, Jr., Esq. (#022712)
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
Telephone: (615) 251-5000
ccampbell@fbtlaw.com

*Attorney for Defendants/Counter-Plaintiffs*


on this 2nd day of June 2015.

/s/ Dera K. Shelton_____
Dera K. Shelton