# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| 1729172 ONTARIO, INC., an Ontario, Canada Corporation d/b/a TRICERASOFT, TRICERASOFT.COM, SELECTKARAOKE.COM, and KARAOKEDOWNLOADS.CA | )<br>)<br>)<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) Civil Case No. 3:15-cv-00403<br>) |
| v. | ) Judge Todd J. Campbell<br>) Magistrate Judge Knowles<br>) |
| UNIVERSAL MUSIC CORP., et al. | )<br>) |
| Defendants/Counter-Plaintiffs. | ) |

## INITIAL CASE MANAGEMENT ORDER

As required by Local Rule 16.01(d)(2), counsel for the parties submit to the Court this Proposed Initial Case Management Order, concerning the issues enumerated in FED. R. CIV. P. 26(f) and Local Rule 16.01(d)(1)(c) and (d)(2). The Initial Case Management Conference is set for June 1, 2015 at 10:30 A.M. before Magistrate Judge Knowles in Courtroom 661. The following Initial Case Management Order is entered.

### I. JURISDICTION AND VENUE

The Court has jurisdiction over the parties' claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201. Venue is proper as to Plaintiff's ("TriceraSoft") claim in this District under 28 U.S.C. §§ 1391(b)(2)–(3) and 1400(a); TriceraSoft agrees that venue is proper as to Defendants/Counter-Plaintiffs' claims under 28 U.S.C. § 1391, but contests whether such venue is proper under 28 U.S.C. § 1400. Subject matter, personal jurisdiction and venue are not

disputed, except as noted above.

## II. PARTIES' THEORIES OF THE CASE

### 1. TriceraSoft's Theory of the Case

This action for declaratory relief is brought by TriceraSoft, a software developer that invented and developed file formats and software for the karaoke industry. TriceraSoft also operates servers located in Ontario, Canada, which house the websites www.tricerasoft.com, www.selectkaraoke.com, and www.karaokedownloads.ca. Through these websites, TriceraSoft distributes karaoke downloads in MP3+G format, a format TriceraSoft invented for others to use. TriceraSoft owns a Canadian trademark for MP3+G. On occasion, TriceraSoft collect orders for custom karaoke discs, and such orders are routed to a company in the United Kingdom, which then, in turn, creates and sends the CD+G discs to fulfill the orders.

The sound recordings on TriceraSoft's websites are legally produced by a number of companies located in various countries ("Karaoke Labels"). Those Karaoke Labels license musical compositions to reproduce in the karaoke recordings through the authorized licensing agents, including through Defendants' sub-licensors. No physical karaoke product is duplicated, imported, or distributed by TriceraSoft in or to the United States.

TriceraSoft obtained worldwide licenses on a territory-by-territory basis, whether express or implied, from numerous licensing agents authorized to license musical compositions to TriceraSoft's servers and websites, including compositions which Defendants claim to own or control. Despite having the licenses, having paid the royalty payments and fees, and after months of communication between TriceraSoft and its agents, on the one hand, and Defendants, on the other, Defendants threatened suit, claiming TriceraSoft is infringing Defendants' musical compositions. When TriceraSoft inquired as to the nature of the claimed infringement,

Defendants could not identify the type of infringement or the type of license(s) it claimed TriceraSoft lacks. Rather, Defendants demanded that TriceraSoft admit it is infringing.

To more quickly resolve this issue and to protect TriceraSoft's legitimate business, TriceraSoft filed suit seeking a declaration of the Court that it has not infringed Defendants' works, as all necessary licenses were secured and the royalties/fees were paid. Defendants filed their counterclaim on May 13, 2015, alleging that no "rights" have been granted to TriceraSoft. Plaintiff requests that the Court exercise its discretion to award the Plaintiff attorney's fees and costs at the conclusion of this case.

### 2. Defendants/Counter-Plaintiffs' Theory of the Case

Counter-Defendant is in the business of selling and distributing karaoke products. Counter-Plaintiffs are music publishers engaged in the business of administrating, developing, and exploiting original musical compositions and building and creating a catalog of music copyrights through acquisition of other music catalogues and/or pursuant to agreements with songwriters. Reproduction, distribution, and exploitation of karaoke recordings of musical compositions require, at minimum, licenses to reproduce, distribute, publicly perform, and otherwise exploit its musical compositions in approved media channels and mediums, including permission to re-record and synchronize such musical compositions in time with certain visual elements, the right to reproduce and/or reprint the lyrics of musical compositions visually, and the right to use musical compositions in advertising and promotional material.

Counter-Defendant sells and distributes karaoke products that contain the musical compositions owned and/or administered by Counter-Plaintiffs. Because Counter-Defendant did not obtain lawful permission for such conduct, its sales and distribution of those products infringe Counter-Plaintiffs' copyrights. Counter-Plaintiffs seek damages, injunctive relief and

attorneys' fees for Counter-Defendant's infringing conduct, pursuant to 17 U.S.C. § 101 *et seq*.

## III. ISSUES RESOLVED OR IN DISPUTE

All issues as to liability and damages are in dispute.

## IV. COUNTERCLAIMS, CROSS-CLAIMS, THIRD PARTY CLAIMS, AMENDMENTS TO THE PLEADINGS, JOINDER OF PARTIES OR CLAIMS.

Any Motions to Amend the pleadings shall be filed by **November 9, 2015**.

## V. SCHEDULE OF PRETRIAL PROCEEDINGS

Plaintiff/Counter-Defendant has not yet filed its answer to Defendants/Counter-Plaintiffs' counterclaim; the responsive pleading is due June 3, 2015.

### 1. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) initial disclosures on or before **July 2, 2015**.

### 2. Initial Discovery Plan

The discovery period commences upon entry of this Order. All written fact discovery except Requests for Admissions, shall be served by **Friday, January 22, 2016**.

All fact discovery-related motions shall be filed by **Friday, April 1, 2016**.

All fact discovery shall be completed by **Friday, March 4, 2016**.

Requests for Admissions shall be served by **Friday, August 26, 2016.**

The parties will cooperate to reach agreement on other issues relating to electronic discovery. In the absence of such Agreement, Administrative Order No. 174 will apply in the case.

Interrogatories pursuant to FED. R. CIV. P. 33 shall be limited to twenty-five (25) such interrogatories. Subparts of an interrogatory shall be counted as additional questions for purposes of the overall number of interrogatories. In all other respects, FED. R. CIV. P. 33 and LR 33.01 (effective April 19, 2012) shall govern.

By **Friday, April 8, 2016**, Plaintiff shall disclose to the other parties (<u>not</u> to file with the Court) the identity of any witness it may use at trial to present evidence under FED. R. EVID. 702, 703, or 705 accompanied by a written report, as applicable, as specified in FED. R. CIV. P. 26(a)(2)(B).

By **Friday, May 13, 2016**, Defendants shall disclose to the other parties (<u>not</u> to file with the Court) the identity of any witness it may use at trial to present evidence under FED. R. EVID. 702, 703 or 705 accompanied by a written report, as applicable, as specified in FED. R. CIV. P. 26(a)(2)(B).

By **Friday, June 10, 2016**, any supplements to expert reports shall be served on the other parties.

Depositions of expert witnesses shall be completed by September 2, 2016. Absent subsequent agreement by the parties to adopt Local Rule 39.01(c)(6), or as otherwise ordered by the Court, experts may testify at trial concerning their opinions in this action.

**3.    Dispositive Motions.**

All dispositive motion shall be filed on or before **October 10, 2016**. The party opposing the motion shall have twenty-eight (28) days after service of the motion in which to file a response, unless otherwise ordered by the Court. The reply of the moving party shall be filed within fourteen (14) days of the filing of the response of the non- moving party.

**4.    Protective Order.** To the extent a protective order is deemed necessary by the parties, the parties will submit a mutually agreed upon order to the Court for approval and entry.

**5.    Alternative Dispute Resolution**. The parties expect to discuss mediation of the case. On May 21, 2015, TriceraSoft proposed that the parties discuss mediation of the dispute. Defendants/Counter-Plaintiffs are open to mediation, but believe some fact discovery should be completed before mediation occurs.

**6.** **Trial Date**. The parties expect the case to be ready for trial after March 2, 2017. The expected length of trial is five to seven days. The target trial date (jury) **March 7, 2017.**

It is so **ORDERED**. **ENTERED** this _____ day of June 2015.

                                         _____
                                         E. CLIFTON KNOWLES
                                         Magistrate Judge, United States District Court